UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SRUTHI MAMADURU, et al., | Case No. 26-cv-01820-SVK |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| JOSEPH B. EDLOW, et al., | |
| Defendants. | Dkt. 13 |

## I.    INTRODUCTION AND BACKGROUND

On March 3, 2026, Plaintiffs Sruthi Mamaduru and Rahul Kyamaji filed this action against Joseph B. Edlow in his official capacity as Director of United States Citizenship and Immigration Services ("USCIS") and USCIS itself (collectively, Defendants or the "Government."). Dkt. 1 ("Complaint"). They challenge the Government's failure to timely adjudicate their I-526E Immigration Petitions ("I-526E Petitions") and the concurrently filed I-485 Applications to Register Permanent Residence or Adjust Status ("I-485 Applications"). *Id*. Plaintiffs filed their applications concurrently on October 3, 2025. *Id.* at 1. As of the date of this Order, the I-526E Petitions and I-475 Applications have been pending for just over 9 months. *See id.* On May 18, 2026, the Government filed a Motion to Dismiss (the "Motion"), which is now before the Court. Dkt. 13. All Parties have consented to magistrate-judge jurisdiction. Dkts. 8, 12.

The Government's Motion raises three issues. First, the Government argues as a threshold matter that the Court lacks jurisdiction to compel the adjudication of Plaintiffs' I-526E Petitions under the jurisdiction-stripping provision of the INA, 8 U.S.C. § 1252(a)(2)(b)(ii). Dkt. 13 at 12-14. Second, the Government argues that Plaintiffs' claims as to the I-475 Applications are unripe, because the I-526E Petitions have not yet been adjudicated. *Id.* at 14-15. Finally, the Government argues that Plaintiffs fail to state a claim under the Due Process clause. *Id.* at 15-16. The Court

determines that this matter may be resolved without oral argument.  Civil L.R. 7-1(b).  For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## II.   LEGAL STANDARDS

### A.   Motions to Dismiss for Lack of Jurisdiction Under Fed. R. Civ. P. 12(b)(1)

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the court has subject matter jurisdiction." *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 900 (N.D. Cal. 2020).  "Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Additionally, the "Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, *inter alia*, that plaintiffs have standing and that claims be 'ripe' for adjudication."  *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010) (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

In either case, "[a] Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a "facial" 12(b)(1) challenge, as is presented here, the Court assumes a plaintiff's factual allegations to be true and draws all reasonable inferences in plaintiff's favor.  *Oracle Corp. v. ORG Structure Innovations LLC*, No. 11-cv-3549 SBA, 2012 WL 12951187, at *3 (N.D. Cal. Mar. 30, 2012) (citing *Doe v. See*, 557 F.3d 1066, 1073 (9th Cir. 2009)).

### B.   Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This facial-plausibility standard requires a plaintiff to allege facts resulting in "more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

United States District Court
Northern District of California

In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters [subject to] judicial notice." *See UFCW Loc. 1500 Pension Fund v. Mayer*, 895 F.3d 695, 698 (9th Cir. 2018) (citation omitted). A court must also presume the truth of a plaintiff's allegations and draw all reasonable inferences in their favor. *See Boquist v. Courtney*, 32 F.4th 764, 772 (9th Cir. 2022). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted).

## III.   DISCUSSION

### A.   8 U.S.C. § 1252(a)(2)(B)(ii) Does Not Strip this Court of Subject Matter Jurisdiction Over the I-526E Petition Claims in this Action

The Court begins by addressing the Government's first challenge:  that this Court lacks subject matter jurisdiction over the I-526E Petitions.  Dkt. 13 at 12-14.

#### 1.   This Court's Similar Rulings and Relevant Statutory Frameworks

As the Parties discuss in their briefs, in recent months this Court has issued several rulings on challenges by the Government to subject matter jurisdiction in immigration-mandamus cases relating to the pace of adjudication of immigration applications.  Dkt. 14 at 9 (Plaintiffs, citing to *Gao v. Mullin*, No. 25-cv-01479-SVK, 2026 WL 948665 (N.D. Cal. Apr. 8, 2026), *Wang v. Edlow*, No. 25-cv-10689-SVK, 2026 WL 1021204 (N.D. Cal. Apr. 15, 2026) and *Narayan v. Edlow*, No. 25-cv-11000-SVK, 2026 WL 1050227 (N.D. Cal. Apr. 16, 2026));  Dkt 15 at 2 (the Government, distinguishing the same).  As the Government points out, there is an arguably relevant difference at the outset between *Gao*, *Wang* and *Narayan*, on the one hand, and this case, on the other hand:  Those cases dealt with only I-485 applications for adjustment of status and not with I-526E Immigration Petitions.  Dkt. 15 at 2.  This case includes both the pending I-526E Petitions and the pending I-485 Applications.  Accordingly, before addressing the Parties' arguments, the Court addresses the relevant statutory frameworks for context, adding on to its discussion of the frameworks in *Gao*.

////

3

United States District Court
Northern District of California

**a.    Summary of the Framework for Applications for Adjustment of Status Under the INA, Review Under the Administrative Procedures Act and the Jurisdiction-Stripping Provision of 8.U.S.C. § 1252(a)(2)(B)(ii)**

As explained in *Gao*:

> the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, authorizes certain individuals to apply for immigrant visas or lawful permanent resident status through employment-based ("EB") categories. *See* 8 U.S.C. § 1151(a)(2). An individual can apply to adjust their status to lawful permanent resident using Form I-485, Application to Register Permanent Residence or Adjust Status, based on a pending or approved immigrant petition and if certain threshold requirements are met. 8 U.S.C. § 1255(a); *see also* 8 C.F.R. § 245.2(a)(2)(i)(B) (providing for the concurrent filing of an adjustment of status application with certain employment-based immigrant petitions). USCIS engages in a multi-step process when evaluating an application for adjustment of status.

*See Gao*, 2026 WL 948665, at *1-2 (quotation from Section 1255(a) omitted).

As a general matter:

> The Administrative Procedures Act ("APA"), 5 U.S.C. § 551 *et seq.*, governs the decision-making procedures of administrative agencies." *Id.* at *2. It provides, in relevant part, that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Upon a finding that action is required, a "reviewing court shall—(1) compel agency action unlawfully withheld or unreasonably delayed ...." 5. U.S.C. § 706(1)

*Id.* at *2. However, 8 U.S.C. § 1252(a)(2)(B)(ii) strips courts of jurisdiction to review "any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title" as well as "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…." *See id.* at *2.

////

////

////

////

////

4

United States District Court
Northern District of California

**b.** **The EB-5 Immigrant Investor Program ("EB-5 Program")**

Among the EB categories that may make an immigrant eligible for adjustment of status is the EB-5 immigrant investor visa program. As codified at 8 U.S.C. § 1153(b)(5), the EB-5 Program provides that:

> Visas shall be made available, in a number not to exceed 7.1 percent of such worldwide level, to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise (including a limited partnership)—
>
> > (i) in which such alien has invested (after November 29, 1990) or, is actively in the process of investing [a certain amount of capital]; and
> >
> > (ii) which will benefit the United States economy by creating full-time employment for not fewer than 10 [U.S. workers].

8 U.S.C. § 1153(b)(5)(A). The Parties' briefs describe various features of the EB-5 Program, with neither side disputing the other side's characterizations. *E.g.*, Dkt. 13 at 6-10 (explaining the history of the EB-5 Program); Dkt. 14 at 6-8 (explaining that the EB-5 Program, unlike other immigration programs, is fundamentally transactional: a fee (via investment) for service (a path to permanent residence) exchange).

The Court focuses on two features of the EB-5 Program relevant to this action. First, in March, 2022, Congress enacted the EB-5 Reform and Integrity Act of 2022, codified in the current Section 1153(b)(5) provisions, which made various changes including (a) requiring USCIS to prioritize processing petitions for rural areas, (b) reserving 20% of visa allocation for rural investment, 10% for high-unemployment area investment and 2% for infrastructure projects and (c) adding various average processing time goals to prioritize adjudication of certain of the targeted employment area petitions over other petitions. *See* 8 U.S.C. § 1153(b)(5). Second, the 2022 reforms provided that "the Secretary of Homeland Security … may process petitions in a manner and order established by the Secretary." 8 U.S.C. § 1153(b)(5)(E)(ii)(II).

////

////

////

////

United States District Court
Northern District of California

**2.    To the Extent the Government's Argument that this Court Lacks "Subject Matter Jurisdiction over the Form I-526E Petition Claims" is an Argument that the Court Cannot Adjudicate "Pace-of-Adjudication" Claims for the I-526E Petitions, It Is Unavailing**

The Government's argument in this action is, primarily, advanced as an argument that the Court lacks jurisdiction to compel the specific relief sought in the Complaint – *i.e.*, to order the adjudication of the I-526E Applications within 60 days. *See* Dkt. 13 at 12-14. However, particularly in its reply, the Government cites authorities relating to "pace of adjudication" claims generally and directs its argument to "the heart of the alleged 'delay' at issue in [the] claims." *See* Dkt. 15 at 2-3 (citing, *e.g.*, *Sekar v. Tarango*, No. 26-cv-00468-FWS (DFM), 2026 WL 1454439, at *4 (C.D. Cal. May 15, 2026) (arguing that the court found "[Section] 1252(a)(2)(B)(ii) barred jurisdiction over I-526E delay claim.")). To the extent the Government's argument is directed to the pace-of-adjudication claims here regardless of the particular relief sought, and because the analysis of this issue is logically antecedent of and overlaps with the analysis of the narrower issue discussed in Section III.A.3., below, the Court addresses this issue first.

As Plaintiffs point out, not only has this Court addressed the issue and found that it has jurisdiction over pace-of-adjudication claims numerous times, (*see Gao v. Mullin*, 2026 WL 948665, at *3-5 (N.D. Cal. Apr. 8, 2026), *Wang v. Edlow*, 2026 WL 1021204, at * (N.D. Cal. Apr. 15, 2026) and *Narayan v. Edlow*, 2026 WL 1050227 (N.D. Cal. Apr. 16, 2026)), a clear majority of district courts in the Ninth Circuit have come to the same conclusion:  8 U.S.C. § 1252(a)(2)(B)(ii) does not strip the courts of jurisdiction to hear pace-of-adjudication claims, because although the Secretary of Homeland Security (the "Secretary") and USCIS have discretion in their decisions and in the process for reaching those decisions, they have an affirmative duty to adjudicate applications one way or the other. *See Concepcion v. Mullin*, No. 25-CV-03221-DMS-MMP, 2026 WL 1388761, at *8 n.7 (S.D. Cal. May 18, 2026) (surveying 37 district court decisions within this Circuit) (explaining that under *Kucana v. Holder*, 558 U.S. 233 (2010) only review of "decisions made discretionary by statute" was barred by Section 1252(a)(2)(B)(ii) and that at least one circuit court of appeals has "reject[ed] the argument that *Patel* [*v. Garland*, 596 U.S. 328 (2022)] changed the landscape such that 'decision or action'

6

would now include 'inaction[.]'"). Moreover, the court in *Concepcion* evaluated decisions arising in the context of I-130 applications, I-131 applications, I-485 applications, I-601 waiver applications, I-730 applications, I-765 applications, I-918 applications, parole applications and EAD applications. *Id.* At least at the outset, there would appear to be no reason to treat I-526E petitions any differently.

In response to the authority raised by Plaintiffs, the Government raises only one argument not previously rejected by this Court:  It argues that I-526E delay claims are "unique and distinct from" I-485 claims because Section 1153(b)(5)(E)(ii)(II) explicitly vests discretion in the Secretary:  "the Secretary of Homeland Security … may process petitions in a manner and order established by the Secretary."  8 U.S.C. § 1153(b)(5)(E)(ii)(II).  Dkt. 13 at 12-13;  Dkt. 15 at 2-4. Plaintiffs do not dispute that the word "may" connotes discretion, (Dkt. 14 at 10-13), and the Court agrees.  *See Chairez v. Mayorkas*, 168 F.4th 1227, 1232 (9th Cir. 2026) (applying Section 1252(a)(2)(B)(ii) in the context of a plaintiff's challenge to the final denials of his I-918 U visa application and explaining that the word "may … brings along the usual presumption of discretion.").  Rather, Plaintiffs argue that the "manner and order" provision conveys discretion over *how* the Secretary processes applications, not *whether* the Secretary processes them, and that the Secretary still has an affirmative duty to process applications.  Dkt. 14 at 10-13.  For the following reasons, the Court agrees with Plaintiffs.

First, Section 1153(b)(5)(E)(ii)(II)'s "manner and order" discretion presupposes processing.  By providing that USCIS "may process petitions in a manner and order established by the Secretary," it presupposes that USCIS will process such petitions.  *See* 8 U.S.C. § 1153(b)(5)(E)(ii)(II).  Otherwise, the entire clause "in a manner and order established by the Secretary" would be superfluous;  Congress could simply have stopped after stating:  "the Secretary of Homeland Security … may process petitions[**.**]"  *Id.* (alteration emphasized);  *see also, e.g.*, *Liu v. Sec. & Exch. Comm'n*, 591 U.S. 71, 89 (2020) (noting the "'cardinal principle of interpretation that courts must give effect, if possible, to every clause and word of a statute.'").

Second, subsection (E)(ii)(II) should not be interpreted in a vacuum.  *Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 275 (2023) (courts have a "duty to construe statutes, not

United States District Court
Northern District of California

United States District Court
Northern District of California

isolated provisions[, and] … must read the words Congress enacted in their context and with a view to their place in the overall statutory scheme." (internal quotation marks and citations omitted)).  It is placed in a subsection titled "Processing" that lays out three provisions the Secretary follows "[i]n processing petitions…."  8 U.S.C. § 1153(b)(5)(E)(ii).  Subsection (E)(ii)(II)'s sister-subsection provides that "the Secretary of Homeland Security— (I) shall prioritize the processing and adjudication of petitions for rural areas," (8 U.S.C. § 1153(b)(5)(E)(ii)(I));  this supports that the Secretary and USCIS are required to adjudicate applications, or else they could not "prioritize" the "adjudication of petitions for rural areas" over other areas.

Accordingly, the Court disagrees with the Government's argument that Section 1153(b)(5) provides discretion making I-526E Petitions meaningfully different from I-485 Applications insofar as the duty to adjudicate is concerned.  The Government's only case to the contrary, *Sekar v. Tarango*, is unavailing.  First, the court in *Sekar* included only a brief analysis of subject matter jurisdiction before continuing to analyze the TRAC factors;  it relied on a brief analysis of *Khachutorov v. Britten*, 792 F. Supp. 3d 1106, 1113-14 (C.D. Cal. 2025), which this Court distinguished in detail in *Gao*.  *Compare Sekar*, 2026 WL 1454439, at *3 *with Gao v. Mullin*, 2026 WL 948665, at *4 ("First, … this Court reads the language of the relevant statute and regulations differently" than *Khachutorov*;  "Second, the court in *Khachutorov* relied in part on 'the dicta in *Zia* [*v. Garland*, 112 F.4th 1194, 1200 (9th Cir. 2024)]. … [T]his Court finds both *Zia* and *Patel* distinguishable because both presented challenges to *final* decisions on individual applications[.] … Third, the court in *Khachutorov* also relied on decisions from the Third, Fourth, Fifth, and Eighth Circuits … concerning what is sometimes referred to as the "visa retrogression"[; that] context [is] distinguishable from the case at hand.").  *Sekar* did not contain *any* analysis of Section 1153(b)(5) and thus does not support the Government's argument that the I-526E Petitions should be treated differently.  *See Sekar*, 2026 WL 1454439, at *2-3.  Second, however, the Government's reading of *Sekar* suffers from the same error as its reading of *Khachutorov*:  *Sekar*, following and quoting *Khachutorov*, explained that the "t[he] case 'd[id] not present the extreme delay necessary to show that Defendants are refusing to act' on Plaintiffs'

applications," and so recognized that such an extreme delay *would* endow the Court with subject matter jurisdiction. *Id.* at *3. The court in *Sekar* thus, like the court in *Khachutorov*, dismissed the complaint "without leave to amend" but also "without prejudice" because "it is possible that additional delay or refusal to adjudicate Plaintiffs' pending applications could give rise to a viable claim." *Id.* at *8.

Thus, the Court finds no reason to depart from its prior decisions and incorporates herein the general analysis as to pace-of-adjudication jurisdiction from *Gao*. *Gao*, 2026 WL 948665, at *2-5. The Court finds that it has jurisdiction to address Plaintiffs' pace-of-adjudication claims, at least as a general matter.

### 3. The Government's Specific Argument that the Court Cannot Compel Adjudication Within 60 Days and So Cannot Compel the Relief Plaintiffs Seek is Unavailing

The remainder of the Government's argument is that, in any case, the Court cannot compel USCIS to adjudicate Plaintiffs' I-526E Petitions within 60 days because doing so would upend the statutory "manner and order" discretion of the Secretary, (*see* 8 U.S.C. § 1153(b)(5)(E)(ii)(II), by taking Plaintiffs' applications out of the general queue or requiring USCIS to be "simultaneously and constantly work on every pending application in the queue." Dkt. 15 at 2-4; *see also* Dkt. 13 at 12-14. Here, however, the Government conflates *jurisdiction* with the sufficiency of the Plaintiffs' claims. For example, the Government does not argue that if it were refusing to take action on Plaintiffs' applications, the Court *could* compel the Government to act; rather, the Government argues:

> Plaintiffs attempt to circumvent the jurisdictional bar by characterizing the short delay in adjudicating the I-526E as "inaction." But such a characterization is disingenuous. First, Plaintiffs filed the I-526E in October 2025, only 8 months ago. Current processing times for I-526E petitions are at approximately 32 months. … USCIS processes applications on a First In First Out (FIFO) system, which courts have found to be a rule of reason. *Sekar*, [2026 WL 1454439], at [*3] (FIFO is a rule of reason under the first *TRAC* factor) … There must be an order in which petitions are adjudicated, and such manner and order is within the discretion of USCIS to set.

Dkt. 15 at 3 (other internal citations omitted).

Whatever the merits of the Government's substantive argument, the Government has not

United States District Court
Northern District of California

raised a TRAC-factor based motion to dismiss in this case. Accordingly, the Court does not decide at this juncture whether Plaintiff's claims would survive a pleading challenge under the TRAC factors. The Court merely rejects the Government's broad arguments that, no matter how long the delay, a court could never grant a petition to compel adjudication. *See Khachutorov v. Britten*, 792 F. Supp. 3d 1106, 1114, 1116-17 (cited by the Government) (recognizing that "extreme delay" tantamount to a "refus[al] to act" could "give rise to a viable claim"); *Sekar*, 2026 WL 1454439, at *3, *8 (cited by the Government) (same); *cf. also Behdin v. Edlow*, No. 26-cv-00566-SVK, 2026 WL 1031079, at *26 (N.D. Cal. Apr. 16, 2026) (based on "the 180-day 'normative expectation' set forth in 8 U.S.C. § 1571(b),' ordering adjudication of the plaintiffs' I-765 applications within 180 days).

**B.     The APA Does Not Withdraw Review of the Plaintiffs' Claims**

As a related matter, the Government argues that the APA withdraws judicial review of the Plaintiffs' claims under 5 U.S.C. § 701(a), which provides that: "This chapter applies … except to the extent that—(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law."). 5 U.S.C. § 701(a). However, the Government's APA argument is based entirely on its argument that 8 U.S.C. § 1252(a)(2)(B)(ii) is a statute that precludes judicial review in this case. *See* Dkt. 13 at 13-14. Because the Court finds that Section 1252(a)(2)(B)(ii) does not strip it of jurisdiction to decide the claims herein, the Court consequently finds that the APA does not withdraw judicial review of the claims.

**C.     Plaintiffs' I-485 Application Claims Are Unripe and Must be Dismissed**

Next, the Government argues that Plaintiffs' I-485 Application claims are unripe, because approval of their I-485 Applications requires approval of the pending I-526E Petitions – a contingent, future event that may or may not occur. Dkt. 13 at 14-15 (citing *Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (internal quotation marks and citations omitted)); Dkt. 15 at 4. Plaintiffs counter that as part of the 2022 Reform and Integrity Act amendments to the EB-5 Program, Congress enacted Section 1255(n), providing for the concurrent filing of I-485 applications with I-526E applications "[i]f the approval of a petition

for classification under section 1153(b)(5) of this title would make a visa immediately available to the alien beneficiary…." 8 U.S.C. § 1255(n). So, Plaintiffs argue, because the I-485 Applications in this case were eligible under Section 1255(n) and were filed concurrently, their applications are pending in parallel and their claims are ripe.

The Court agrees with the Government. It may be the case that Plaintiffs' I-485 Applications will be entitled to immediate approval *if* their I-526E Petitions are approved. Nonetheless, the approval of the I-526E Petitions themselves remains an uncertain, contingent future event. Thus, while Plaintiffs might be able to bring claims of delay if, for some reason, their I-526E Petitions are approved but their I-485 Applications are not adjudicated, because that posture is not present before the Court, the claim is unripe at this juncture. Accordingly, the I-485 Application claims must be **DISMISSED without prejudice**.

### D.    Plaintiffs Fail to State Claims Under the Due Process Clause

Finally, the Government argues that Plaintiffs fail to state a claim under the due process clause of the Constitution. Dkt. 13 at 15-16. Plaintiffs do not oppose dismissal of the due process claim without prejudice. Dkt. 14 at 21. This Court has previously analyzed due process claims in the context of pace-of-adjudication complaints and explained that a plaintiff must allege something "beyond mere delay such that would show fundamental 'unfairness' in the process of adjudicating their" applications. *Wang v. Edlow*, No. 25-cv-10689-SVK, 2026 WL 1021204, at *7-8 (N.D. Cal. Apr. 15, 2026). Accordingly, given Plaintiffs' non-opposition, their due process claims are **DISMISSED without prejudice**.

### IV.    CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Court finds that it has subject matter jurisdiction to hear Plaintiffs' pace-of-adjudication claims as to their I-526E Petitions but not their I-485 Applications. Plaintiffs' I-485 Application claims are **DISMISSED without prejudice**. Moreover, based on

////

////

////

11

Plaintiffs' non-opposition, their due process claims are **DISMISSED without prejudice**.

The Government's answer to Plaintiffs' Complaint is **due no later than August 4, 2026.**

**SO ORDERED.**

Dated: July 14, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

12